UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HARIKA KASIREDDY,

            Plaintiff,

- v -

GOGOTECH II LLC,

            Defendant.

Civil Action No.: 22-cv-5488

**COMPLAINT**

*Jury Trial Demanded*

Plaintiff Harika Kasireddy ("Kasireddy"), by and through her undersigned attorney, brings this Complaint against Defendant Gogotech II LLC ("Gogotech"), and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for disability discrimination and retaliation in violation of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 et seq., the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 et seq., and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 et seq as well as breach of contract.

**JURISDICTION, VENUE, AND PROCEDURAL REQUIREMENTS**

2. The Court has original jurisdiction over Kasireddy's federal claims pursuant to 28 U.S.C. §§ 1331, 1343.

3. The Court has supplemental jurisdiction over Kasireddy's state and city law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the federal claims that they form part of the same case or controversy.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred there.

5. All conditions precedent to filing the instant action have been fulfilled. On or about December 16, 2021, Kasireddy submitted a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). On or about June 22, 2022, the EEOC issued Kasireddy a Notice of Right to Sue, and this action is being brought within 90 days of Kasireddy's receipt of the Notice of Right to Sue.

6. Within 10 days of the commencement of this action, Kasireddy will provide notice of this action to the New York City Commission on Human Rights and Corporation counsel, pursuant to the New York City Administrative Code § 8-502(c).

## PARTIES

7. Plaintiff Kasireddy is a resident of the State of New Jersey and former Ecommerce Content Manager of Gogotech.

8. At all relevant times, Kasireddy was an "employee" of Gogotech under all relevant statutes.

9. Gogotech was and is a domestic limited liability company registered in New York and permitted to do business in New York.

10. Gogotech employed more than 14 employees during 2021.

11. Gogotech's corporate headquarters is located at 1407 Broadway, Suite 700, New York, NY 10018, where it employed Kasireddy.

12. At all relevant times, Gogotech was Kasireddy's "employer" under all relevant statutes.

## FACTUAL BACKGROUND

13. Kasireddy received a Bachelor of Arts from Rutgers University and held a coding program certification in web development.

14. Kasireddy worked as an Ecommerce Content Manager of Respondent Gogotech II LLC beginning in August 2019.

15. In March 2020, due to the COVID-19 pandemic, Kasireddy transitioned to working for Gogotech completely remotely.

16. In or about September 2021, Gogotech announced that it would be implementing a return-to-work policy that would only allow employees to work remotely four days per month, but that it would consider requests for fully remote arrangements case-by-case.

17. Kasireddy suffers from epilepsy and related neurological conditions.

18. Those conditions impact the function of her neurological system.

19. Kasireddy suffers from anxiety that can elicit flares of her neurological conditions.

20. Kasireddy's doctor advised her that returning to the office would expose her to heightened risk of severe complications from COVID-19 due to her neurological conditions and low stress tolerance.

21. On October 1, 2021, Kasireddy emailed Gogotech explaining her doctor's recommendation and requesting that Gogotech accommodate her by allowing her to continue to work remotely.

22. Later on October 1, 2021, Gogotech asked for — and Kasireddy responded with — her doctor's written recommendation that she be permitted to work remotely during the pandemic period.

23. Gogotech then requested that Kasireddy provide a "follow up letter from [her] doctor to define what 'pandemic period' means, because it is too vague and we need to know when in the medical judgement it will be over."

24. On November 4, 2021, Kasireddy emailed Gogotech the requested follow-up letter from her doctor, which strongly recommended that she work from home until January 31, 2022.

25. Gogotech confirmed receipt of the follow-up letter.

26. Eight days later, on November 12, 2021, Gogotech terminated Kasireddy's employment, explaining that her position had become "redundant."

27. Gogotech terminated the employment of eight other employees around the same time that it terminated Kasireddy's employment.

28. On information and belief, the terminations around that time disproportionately targeted those employees who were working, or had requested to work, remotely.

29. Although the majority of Gogotech had returned to in-person work per Gogotech's return-to-work policy by November 12, 2021, on information and belief, at least half of those employees whose employment was terminated were working, or had requested to work, remotely.

30. While Kasireddy was employed by Defendant, Defendant never expressed any criticism or negative feedback to her regarding her work performance.

## FIRST CAUSE OF ACTION
### (Disability Discrimination in Violation of the ADA)

31. Kasireddy repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

32. Defendant Gogotech has discriminated against Kasireddy on the basis of her disability and request for a reasonable accommodation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. Kasireddy has suffered disparate treatment as a result of Gogotech's wrongful conduct.

33. Kasireddy is a disabled individual under the ADA and was perceived by Gogotech as being disabled, and she is therefore a member of a protected class.

34. Kasireddy was qualified to work as an Ecommerce Content Manager for Gogotech and satisfactorily performed the duties required by that position.

35. Gogotech subjected Kasireddy to an adverse employment action because of her disability, including, but not limited to, terminating her employment after she requested a reasonable accommodation.

36. As a direct and proximate result of Gogotech's unlawful employment practices, Kasireddy has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress, which has manifested in physical symptoms, harm to her employability and earning capacity, and damage to her personal and professional reputation.

37. Defendant Gogotech's conduct has been intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard of the rights of Kasireddy, entitling her to punitive damages.

**SECOND CAUSE OF ACTION**
**(Failure to Accommodate under the ADA)**

38. Kasireddy repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

39. Kasireddy is a disabled individual under the ADA and was perceived by Gogotech as being disabled, and is therefore a member of a protected class.

40. Gogotech was aware and on notice of Kasireddy's disability and its impact on her ability to return to in-person work.

41. Kasireddy requested reasonable accommodations for her disability, including being permitted to continue to work remotely through January 31, 2022.

42. In response, Defendant Gogotech terminated Kasireddy's employment eight days later.

43. Had Gogotech provided Kasireddy with a reasonable accommodation, Kasireddy could have performed the essential functions of her job.

44. Accordingly, Gogotech discriminated against Kasireddy by virtue of failing to accommodate her known disability and failing to engage in an interactive process in violation of the ADA.

45. As a direct and proximate result of Gogotech's unlawful employment practices, Kasireddy has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress, which has manifested in physical symptoms, harm to her employability and earning capacity, and damage to her personal and professional reputation.

46. Gogotech's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Kasireddy, entitling her to punitive damages.

## THIRD CAUSE OF ACTION
### (Retaliation in Violation of the ADA)

47. Kasireddy repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

48. Kasireddy requested a reasonable accommodation in connection with her disability.

49. As set forth in detail above, Defendant Gogotech subjected Kasireddy to discrimination and adverse employment actions because of her actual and/or perceived disability in violation of Kasireddy's statutory and constitutional rights.

50. Gogotech was aware that Kasireddy opposed unlawful conduct and/or asserted her rights under the ADA, including but not limited to, her request to be permitted to continue to

work remotely through January 31, 2022.

51. Gogotech, unlawfully and without cause, retaliated against Kasireddy as a direct result of Kasireddy asserting her rights under the ADA as someone with disability or perceived disability, and Kasireddy suffered materially adverse employment actions as a result.

52. As a direct and proximate result of Gogotech's unlawful employment practices, Kasireddy has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress, which has manifested in physical symptoms, harm to her employability and earning capacity, and damage to her personal and professional reputation.

53. Gogotech's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Kasireddy, entitling her to punitive damages.

54. Accordingly, Gogotech retaliated against Kasireddy in violation of her statutory rights as guaranteed by the ADA.

## FOURTH CAUSE OF ACTION
### (Disability Discrimination in Violation of the NYSHRL)

55. Kasireddy repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

56. The aforementioned facts and circumstances demonstrate that Defendant discriminated against Kasireddy because of her disability.

57. Kasireddy is a disabled individual under the NYSHRL and/or was perceived by Defendant as being disabled, and she is therefore a member of a protected class.

58. Kasireddy was qualified to work as an Ecommerce Content Manager for Defendant and she satisfactorily performed the duties required by the position she held with Defendant.

59. As set forth in detail above and herein, Defendant discriminated against

Kasireddy and subjected her to adverse employment actions, including, but not limited to, terminating her employment after she requested a reasonable accommodation.

60. As a direct and proximate result of Defendant' unlawful employment practices, Kasireddy has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress, which has manifested in physical symptoms, harm to her employability and earning capacity, and damage to her personal and professional reputation.

61. Accordingly, Defendant discriminated against Kasireddy because of her disability, in violation of her statutory rights as guaranteed by the NYSHRL.

## FIFTH CAUSE OF ACTION
### (Failure to Accommodate in Violation of the NYSHRL)

62. Kasireddy repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

63. Kasireddy is a disabled individual under the NYSHRL and/or was perceived by Defendant as being disabled, and she is therefore a member of a protected class.

64. Defendant was aware and on notice of Kasireddy's disability and the symptoms thereof.

65. Kasireddy requested reasonable accommodations for her disability, including being permitted to continue to work remotely through January 31, 2022.

66. In response, Defendant Gogotech terminated Kasireddy's employment eight days later.

67. Had Defendant provided Kasireddy with a reasonable accommodation, Kasireddy could have performed the essential functions of her job.

68. Accordingly, Defendant discriminated against Kasireddy by virtue of failing to accommodate her known disability and failing to engage in an interactive process in violation of

the NYSHRL.

## SIXTH CAUSE OF ACTION
**(Retaliation in Violation of the NYSHRL)**

69. Kasireddy repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

70. Kasireddy requested a reasonable accommodation in connection with her disability.

71. Defendant retaliated by subjecting Kasireddy to discrimination and adverse employment actions because of her actual and/or perceived disability in violation of Kasireddy's statutory and constitutional rights.

72. Defendant was aware that Kasireddy opposed unlawful conduct and/or asserted her rights under the NYSHRL, including but not limited to, her request to be permitted to continue to work remotely through January 31, 2022.

73. Kasireddy has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress, which has manifested in physical symptoms, harm to her employability and earning capacity, and damage to her personal and professional reputation.

74. Accordingly, Defendant retaliated against Kasireddy in violation of her statutory rights as guaranteed by the NYSHRL.

## SEVENTH CAUSE OF ACTION
**(Disability Discrimination in Violation of the NYCHRL)**

75. Kasireddy repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

76. The aforementioned facts and circumstances demonstrate that Defendant

discriminated against Kasireddy because of her disability.

77. Kasireddy is a disabled individual under the NYCHRL and/or was perceived by Defendant as being disabled, and she is therefore a member of a protected class.

78. Kasireddy was qualified to work as an Ecommerce Content Manager for Defendant and she satisfactorily performed the duties required by the position she held with Defendant.

79. As set forth in detail above and herein, Defendant discriminated against Kasireddy in the terms and conditions of her employment by treating Kasireddy less well than her similarly situated, non-disabled coworkers.

80. Defendant subjected Kasireddy to adverse employment actions because of her disability, including, but not limited to, terminating her employment after she requested a reasonable accommodation.

81. As a direct and proximate result of Defendant' unlawful employment practices, Kasireddy has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress, which has manifested in physical symptoms, harm to her employability and earning capacity, and damage to her personal and professional reputation.

82. Defendant' conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Kasireddy, entitling her to punitive damages.

83. Accordingly, Defendant discriminated against Kasireddy because of her disability, in violation of her statutory rights as guaranteed by the NYCHRL.

### EIGHTH CAUSE OF ACTION
(Failure to Accommodate in Violation of the NYCHRL)

84. Kasireddy repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

85. Kasireddy is a disabled individual under the NYCHRL and/or was perceived by Defendant as being disabled, and she is therefore a member of a protected class.

86. Defendant was aware and on notice of Kasireddy's disability and the symptoms thereof.

87. Kasireddy requested reasonable accommodations for her disability, including being permitted to continue to work remotely through January 31, 2022.

88. In response, Defendant Gogotech terminated Kasireddy's employment eight days later.

89. Had Defendant provided Kasireddy with a reasonable accommodation, Kasireddy could have performed the essential functions of her job.

90. As a direct and proximate result of Defendant' unlawful employment practices, Kasireddy has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress, which has manifested in physical symptoms, harm to her employability and earning capacity, and damage to her personal and professional reputation.

91. Defendant' conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Kasireddy, entitling her to punitive damages.

92. Accordingly, Defendant discriminated against Kasireddy by virtue of failing to accommodate her known disability under NYCHRL.

**NINTH CAUSE OF ACTION**
**(Retaliation in Violation of the NYCHRL)**

93. Kasireddy repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

94. Kasireddy requested a reasonable accommodation in connection with her disability.

95. Defendant treated Kasireddy less well than similarly situated employees by subjecting her to discrimination and adverse employment actions because of her actual and/or perceived disability in violation of the NYCHRL.

96. Defendant was aware that Kasireddy opposed unlawful conduct and/or asserted her rights under the NYCHRL, including but not limited to, her request to be permitted to continue to work remotely through January 31, 2022.

97. Defendant, unlawfully and without cause, retaliated against Kasireddy as a direct result of Kasireddy asserting her rights and/or opposing unlawful conduct under the NYCHRL, and Defendant' conduct is reasonably likely to deter an individual from engaging in such protected activity.

98. As a direct and proximate result of Defendant' unlawful employment practices, Kasireddy has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress, which has manifested in physical symptoms, harm to her employability and earning capacity, and damage to her personal and professional reputation.

99. Defendant' conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Kasireddy, entitling her to punitive damages.

100. Accordingly, Defendant retaliated against Kasireddy in violation of her statutory rights as guaranteed by the NYCHRL.

### TENTH CAUSE OF ACTION
**(Breach of Contract)**

101. Kasireddy repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

102. Gogotech set forth the terms of Kasireddy's employment in an employment contract dated July 22, 2019.

103. The terms of that contract included a section entitled "Duration."

104. That section purported to give Gogotech the right to terminate Kasireddy's employment at any time, while requiring that Kasireddy give Gogotech "no less than two (2) weeks' notice in advance" if she wished to terminate her employment with Gogotech.

105. By requiring that Kasireddy give two-weeks' notice before terminating her employment, Gogotech placed an express limitation on the at-will nature of her employment.

106. That express limitation vitiated the purported at-will status of Kasireddy's employment and created a contract for at least the length of the notice period.

107. Gogotech was therefore required to, at minimum, provide Kasireddy with the two-weeks' advance notice it required of her.

108. By failing to provide any advance notice of the termination of Kasireddy's employment, Gogotech breached the employment contract.

109. Gogotech's breach of the employment contract deprived Kasireddy of wages that she would have received had Gogotech abided by the notice period it required.

## RELIEF

Plaintiff Harika Kasireddy demands judgment in her favor and against Gogotech as follows:

A. A declaratory judgment that the actions of Defendant complained of herein violate the ADA, New York State Human Rights Law, and New York City Human Rights Law;

B. An injunction and order permanently restraining Defendant from engaging in any such further unlawful conduct;

C. An award of damages against Defendant, in an amount to be determined at trial,

       plus prejudgment interest, to compensate Kasireddy for all monetary and/or economic damages, including but not limited to past and future lost earnings;

D.     An award of damages against Defendant, in an amount to be determined at trial, plus prejudgment interest, to compensate Kasireddy for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her emotional distress;

E.     An award of punitive damages, in an amount to be determined at trial;

F.     Prejudgment interest on all amounts due;

G.     An award of Kasireddy's reasonable attorneys' fees and costs to the fullest extent permitted by law; and

H.     Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Harika Kasireddy demands a trial by jury on all issues so triable of right.

Dated: June 28, 2022                                           Respectfully submitted,

                                                                      /s/ Alex Rissmiller
                                                                      Alex Rissmiller
                                                                      5 Pennsylvania Plaza, 19th Floor
                                                                      New York, NY 10001
                                                                      T: (646) 664-1412
                                                                      arissmiller@rissmiller.com

                                                                      *Counsel for Plaintiff Kasireddy*